# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **CARSTEAN FRAZIER**, <br><br> Plaintiff, <br><br> v. <br><br> **MICHELLE COLLINS**, <br><br> Defendant. | Civil Action No. 7:18-CV-175 (HL) |

## ORDER

Plaintiff Carstean Frazier filed this pro se lawsuit against Defendant Michelle Collins alleging that she was discriminated against in her employment on the basis of her race, color, gender/sex, national origin, and age. (Doc. 1, p. 2). Defendant moves the Court to dismiss Plaintiff's Complaint, arguing that Plaintiff has failed to plead sufficient facts to establish that Defendant was her employer at any time and that Plaintiff has failed to exhaust her administrative remedies and to satisfy the conditions precedent to filing a discrimination lawsuit. The Court notified Plaintiff that Defendant filed a motion seeking dismissal of her claims and provided Plaintiff with the opportunity to respond (Doc. 10), which she has now done. (Doc. 11). For the following reasons, the Court GRANTS Defendant's Motion to Dismiss. (Doc. 6).

I.  **FACTS**

Plaintiff filed her Complaint utilizing the Court's standard Complaint for Employment Discrimination form. (Doc. 1).[1] She additionally attached a brief statement of facts. (Id. at p. 3-4). Plaintiff's factual allegations are limited to the following:

Plaintiff previously worked as a volunteer. Plaintiff does not state the exact dates of her volunteer work or for whom she was volunteering, but a complete reading of Plaintiff's allegations suggests that she was volunteering at Archbold Medical Center sometime in 2006, which Plaintiff explains is when she was "infect[ed] on the job." (Id. at p. 3). Plaintiff alleges that Defendant Michelle Collins, an employee at Archbold Medical Center, did not hire Plaintiff because Plaintiff is a black female. Instead Defendant hired a man, who was married to a white woman known to Defendant. Plaintiff contends that Defendant discriminated against her on the basis of her race, color, gender/sex, national origin, and age by failing to promote her and by failing to accommodate her disability. (Id. at p. 2).

II. **MOTION TO DISMISS STANDARD**

When reviewing a motion to dismiss, the court shall accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed

---

[1] Plaintiff appears to have combined the Complaint for Employment Discrimination with the Court's Complaint for a Civil Case form. Neither form has been fully completed.

in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n.1 (11th Cir. 1999). The court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). Accordingly, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). But a pro se complaint "is to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, a district court is not required to exempt a pro se litigant from complying with the relevant rules of procedure and substantive law. Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)).

Defendant attached to her motion to dismiss a number of documents, including her personal affidavit (Doc. 6-10); several orders from the State Board of Workers' Compensation (Docs. 6-2—6-9); and a deposition transcript from a February 11, 2012 deposition of Plaintiff in relation to a workers' compensation

3

claim (Doc. 8). A court "generally may not look beyond the pleadings" to consider extrinsic documents when ruling on a motion to dismiss. United States ex rel. Osheroff v. Humana, Inc., 776 F.3d 805, 811 (11th Cir. 2015). However, "a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim and (2) its authenticity is not challenged." Id. (citing SFM Holdings, Ltd. V. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010)). A district court may also "consider judicially noticed documents." Id. (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)).

Plaintiff has not objected to the authenticity of any of the documents submitted by Defendant. However, even though the Court finds that it may consider the extrinsic documents provided by Defendant, the Court concludes that reference to these documents is not necessary to resolve the present motion to dismiss, and the Court's analysis of the motion is not based on any of these outside documents.

## III. ANALYSIS

Plaintiff, a black woman, alleges that Defendant discriminated against her on the basis of her race and her sex.[2] While Plaintiff does not specifically invoke

---

[2] On the standard complaint form for employment discrimination, Plaintiff checked the boxes for discrimination based on failure to promote and failure to accommodate her disability. She also checked the boxes claiming that she was discriminated against on the basis of her national origin and her age. However, Plaintiff has not provided any factual allegations to support these specific claims. They are accordingly dismissed for failure to state a claim.

4

the protections of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et seq.</u> ("Title VII"), both Defendant and the Court interpret Plaintiff's allegations as asserting a claim for employment discrimination under Title VII. Defendant argues that Plaintiff's Complaint is subject to dismissal because (1) Plaintiff has never been employed by Defendant; and (2) even if Plaintiff was employed by Defendant, Plaintiff did not properly exhaust her administrative remedies prior to filing her lawsuit.[3] In response, Plaintiff states simply that she does not wish for her case to be dismissed.

### A. Employer

Defendant agues that Plaintiff's claims against her should be dismissed because Plaintiff has not adequately pled that Defendant was ever her employer. Perhaps the more pertinent question, and one that can be answered by looking strictly at Plaintiff's Complaint, is whether Plaintiff was ever an employee.

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise [ ] discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). While the

---

[3] Defendant also asserts that Plaintiff's claims are barred by the doctrine of res judicata based on a prior decision from the State Board of Workers' Compensation. Because the Court finds both that Plaintiff has not shown that she was an employee of Defendant and that she has not exhausted her administrative remedies, the Court does not find it necessary to reach this alternative argument.

"statute does not define 'individual,'" the Eleventh Circuit has "held that only those plaintiffs who are 'employees' may bring" a discrimination lawsuit. Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1242 (11th Cir. 1998). And the term "employee" "means an individual employed by an employer." 42 U.S.C. § 2000e(f).

Plaintiff clearly identifies herself as a volunteer and not an employee. Accordingly, she has not adequately established that she is entitled to the protections of Title VII. However, even if Plaintiff was an employee, it is likewise apparent that Defendant did not personally employ Plaintiff.

There is no individual liability in discrimination cases. Title VII only imposes liability for the discriminatory acts of the employer, "not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); see also Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (relief under Title VII is available against only the employer and not against the individual employees regardless of whether the employee is a public entity or a private company); Smith v. Lomax, 45 F.3d 402, 403 (11th Cir. 1995) (individual defendants could not be held liable in their individual capacities under the ADEA or Title VII). Plaintiff's claims against Defendant are therefore subject to dismissal. Further, even if the Court were to permit Plaintiff the opportunity to amend her Complaint to name Archbold Medical Center as the

proper defendant, the amendment would be futile because, as discussed above, Plaintiff has unequivocally stated that she served only in a voluntary capacity.

### B. Exhaustion of Administrative Remedies

In her Complaint, Plaintiff alleges that the purported acts of discrimination occurred sometime in 2006. However, Plaintiff has not alleged that she filed a proper charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as mandated by Title VII. Defendant, therefore, moves to dismiss Plaintiff's discrimination claims based on her failure to exhaust her administrative remedies.

"Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies. The first step down this path is filing a timely charge of discrimination with the EEOC." Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citations omitted); see also 42 U.S.C. § 2000e-5. In non-deferral states such as Georgia, a plaintiff must file an employment discrimination charge with the EEOC within 180 of the alleged discriminatory action. See 42 U.S.C. § 2000e-5(e)(1); Wilkerson, 270 F.3d at 1317. "Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge." Jordan v. City of Montgomery, 283 F. App'x 766, 767 (11th Cir. 2008) (citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)).

A timely charge of discrimination is considered a condition precedent to bringing a civil lawsuit alleging employment discrimination. See Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1009-10 (11th Cir. 1982). Generally, to survive a motion to dismiss, a plaintiff need only allege that the conditions precedent to suit have been fulfilled. Id. at 1010. But, if the defendant specifically denies that a timely charge has been filed, the burden shifts to the plaintiff to prove that she filed a timely charge of discrimination with the EEOC. Id.

Plaintiff here alleges that Defendant unlawfully discriminated against her in 2006. But nowhere in her Complaint does Plaintiff allege that she first filed a charge of discrimination with the EEOC prior to filing this lawsuit in 2018. Nor has Plaintiff rebutted Defendant's assertion that Plaintiff never filed a charge of discrimination. Plaintiff's Title VII claims therefore are procedurally barred and must be dismissed for failure to properly exhaust her administrative remedies. No amendment to the Complaint would remedy this fatal flaw.

## IV.  CONCLUSION

Finding that Plaintiff has not pled facts sufficient to support her claims of discrimination, the Court GRANTS Defendant's Motion to Dismiss. (Doc. 6).

Normally, the Court must permit a pro se plaintiff the opportunity to amend her complaint at least once before dismissing the action with prejudice. See Bank v. Pitt, 928 F.2d 1109, 1112 (11th Cir. 1991) (overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en

banc) (not addressing pro se plaintiffs)). But this requirement does not apply when even a more carefully drafted complaint would not state a claim. Because the Court concludes that any amendment to Plaintiff's Complaint in this case would be futile, providing an opportunity to amend is not required. Plaintiff's Complaint is, therefore, dismissed with prejudice.

**SO ORDERED** this 26th day of February, 2019.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**